1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              EASTERN DISTRICT OF CALIFORNIA

10

11     UNITED STATES OF AMERICA,                    No. 2:11-cr-00450-TLN

12                    Plaintiff,

13            v.                                     **ORDER**

14     PETER KUZMENKO,

15                    Defendant.

16

17            This matter is before the Court on Defendant Peter Kuzmenko's ("Defendant") Motion for

18     Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (ECF No. 460.)  The

19     Government filed an opposition.  (ECF No. 465.)  Defendant filed a reply.  (ECF No. 466.)  For

20     the reasons set forth below, the Court DENIES Defendant's motion.

21     ///

22     ///

23     ///

24     ///

25     ///

26     ///

27     ///

28     ///

1

1        **I.      FACTUAL AND PROCEDURAL BACKGROUND**

2            On October 20, 2011, a grand jury returned a seven-count indictment against Defendant

3    and three co-conspirators.  (ECF No. 1.)  This indictment was one of three brought against

4    Defendant for similar financial schemes.[1]  The instant indictment alleged that Defendant operated

5    a fraudulent mortgage straw-buying scheme, in which Defendant used his company Pete's Pools

6    to fraudulently funnel the ill-gotten gains of the mortgage scheme into his personal accounts.

7    (ECF No. 465 at 5.)  On November 4, 2011, Defendant was ordered released on bond under the

8    supervision of Pretrial Services.  (ECF No. 16.)  On June 19, 2014, Defendant was ordered

9    detained for violations of the conditions of his pretrial release.  (ECF No. 66.)

10           On July 13, 2015, Defendant was found guilty after a fourteen-day jury trial on Count

11   One, conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349.  (ECF No. 465 at 5.)  The

12   Court sentenced Defendant to a 71-month term of imprisonment, with 24 months of that term to

13   run consecutive to the 228-month term of imprisonment imposed in 2:11-cr-000210-DAD, and

14   the rest to run concurrently.  Defendant's total term of imprisonment for his three criminal cases

15   is 252 months.  Defendant has served approximately 128 months of his 252-month sentence, and

16   his projected release date with good conduct time is October 28, 2032.  Defendant filed the

17   instant motion for compassionate release on August 25, 2023.  (ECF No. 460.)

18   ///

19   ///

20   ///

21   ///

22   

23   [1]      Case numbers 2:11-cr-00210-DAD ("Case No. 11-cr-210") and 2:14-cr-00044-TLN
     ("Case No. 14-cr-00044") are the two other cases related to this action.  In Case No. 11-cr-210,
24   after a jury trial, Defendant was convicted of 14 counts of wire fraud, 2 counts of mail fraud, and
     3 counts of money laundering.  (ECF No. 465 at 3.)  Judge Mendez sentenced Defendant to a
25   228-month term of imprisonment and a 36-month term of supervised release. (*Id*.)  In Case No.
     14-cr-00044, Defendant pleaded guilty to conspiracy to defraud the United States in connection
26   with tax fraud, and Judge Burrell sentenced Defendant to a 78-month term of imprisonment to run
     concurrently with the sentences imposed in the related cases.  (*Id*. at 5.)  Defendant filed identical
27   motions for compassionate release in all three related cases.  This Order only addresses the
     motion filed in the instant case.
28

**II.     ANALYSIS**

      A.     <u>Exhaustion</u>

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement.  Defendant made a request to the warden for Compassionate Release on July 17, 2023.  (ECF No. 460 at 6.)  Because more than 30 days have elapsed since that request, Defendant has met the exhaustion requirement.  *See* 18 U.S.C. § 3582(c)(1)(A).

      B.     <u>Extraordinary and Compelling Reasons</u>

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Ninth Circuit has held that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant."  *United States v. Aruda*, 993 F.3d 797, 802 (2021). The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding."  *Id.*  The Court thus looks to § 1B1.13 as persuasive authority.

The Application Notes to § 1B1.13 define "extraordinary and compelling reasons" to "exist under any of six enumerated circumstances, or a combination thereof, relating to: (1) the medical circumstances of the defendant; (2) the age of the defendant; (3) family circumstances of the defendant; (4) the defendant being a victim of abuse while in custody; (5) other reasons of

1   similar gravity; and (6) an unusually long sentence." U.S.S.G. § 1B1.13 cmt. n. 1; *see United*

2   *States v. Morales*, No. 2:16-cr-00241-KJM, 2024 WL 967658, at *2 (E.D. Cal. Mar. 6, 2024)

3   (applying the policy statement of U.S.S.G. § 1B1.13 as amended).

4        In arguing there are extraordinary and compelling reasons for his release, Defendant

5   contends: (1) the 29 months he spent on pretrial release should be considered as "extraordinary

6   pre-sentence rehabilitation and conduct"; (2) the ten of the counts in which he was acquitted at

7   trial in Case No. 11-cr-210 were impermissibly used to lengthen his sentence; and (3) his good

8   conduct while incarcerated, taken together with the foregoing reasons, create and extraordinary

9   and compelling reasons for release. (ECF No. 460 at 7–10.) In opposition, the Government

10   argues none of these circumstances justify Defendant's release. (ECF No. 465 at 6.) As

11   discussed below, the Court agrees with the Government.

12        First, Defendant asserts the Court should consider the 29 months he spent on

13   electronically monitored pretrial release. (ECF No. 460 at 7.) However, the Court already

14   considered Defendant's conduct on pretrial release prior to sentencing Defendant. Further, the

15   Government correctly points out that Defendant's pretrial release was revoked because he

16   overdosed on opiates while on supervision. (ECF No. 64; ECF No. 465 at 11.) To the extent

17   Defendant argues his time on pretrial release should count toward the time served on his sentence,

18   Defendant fails to cite authority to support such a proposition. For all these reasons, Defendant

19   fails to persuade the Court that his conduct on pretrial release is an extraordinary and compelling

20   reason for release.

21        Second, Defendant argues his acquitted conduct constitutes an extraordinary and

22   compelling reason for his release. (ECF No. 460 at 9.) Defendant's argument lacks clarity, but

23   he seems to argue that the Court improperly based his sentence on acquitted conduct in Case No.

24   11-cr-210. (*Id.*) The Government contends in opposition that none of the acquitted conduct was

25   associated with the mortgage fraud conspiracy for which he was found guilty in the instant case.

26   (ECF No. 465 at 11.) The Court agrees with the Government. Put simply, Defendant's 71-month

27   sentence of imprisonment in the instant case fell within the applicable guideline range of 63 to 78

28   months, and Defendant fails to provide evidence that the Court improperly considered acquitted

1   conduct from Case No. 11-cr-210 in making that determination.  Similarly, the Court rejects

2   Defendant's implicit argument that he received an "unusually long sentence" within the meaning

3   of U.S.S.G. § 1B1.13 cmt. n. 1.  Defendant's argument seems to pertain to the 228-month

4   sentence imposed in Case No. 11-cr-210, which is not before the Court.  Defendant fails to

5   persuade the Court that the 71-month sentence imposed in the instant case was unusually long, or

6   that it was based on acquitted conduct.

7   　　　　Third, Defendant argues his efforts to rehabilitate in prison should aid a finding of

8   extraordinary and compelling reasons for compassionate release.  Although "rehabilitation alone

9   shall not be considered an extraordinary and compelling reason," Defendant asserts "it can

10  interact with other factors to create an extraordinary and compelling reason for compassionate

11  release."  (ECF No. 460 at 10.)  While the Court commends Defendant on his rehabilitation

12  efforts while in custody, the Court notes that Defendant has sustained several disciplinary

13  sanctions, "resulting in the loss of 273 days good conduct time."  (ECF No. 465 at 7.)  These

14  sanctions, from possession of a dangerous weapon, assault without serious injury, to possession

15  of drugs and alcohol "repeatedly" counteract Defendant's argument.  (*Id*.)  As such, the Court

16  finds Defendant's rehabilitation efforts do not constitute extraordinary and compelling reasons for

17  release.  Accordingly, the Court concludes Defendant has not established extraordinary and

18  compelling reasons for compassionate release.

19  　　　　　　　　C.　　18 U.S.C. § 3553(a) Factors

20  　　　　In addition, the Court finds compassionate release is not warranted under the 18 U.S.C. §

21  3553(a) ("§ 3553(a)") factors.  18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the §

22  3553(a) factors before granting compassionate release).  In arguing the § 3553(a) factors warrant

23  a time served sentence, Defendant discusses his positive performance on pretrial release, his

24  rehabilitative efforts while incarcerated, his family support, and his employment prospects.  (ECF

25  No. 460 at 11.)  He further points to the length of sentence imposed, the nonviolent nature of his

26  offenses, and that he has served approximately 50% of his total sentence.  (*Id*.)  The Government

27  contends the nature and circumstances of Defendant's offenses are profoundly serious, and do not

28  warrant compassionate release under the § 3553(a) factors.  (ECF No. 465 at 13.)

The Court again commends Defendant for the positive steps he has taken to improve his life while in custody.  However, Defendant fails to persuade the Court that the § 3553(a) factors weigh in favor of a sentence reduction, especially considering the serious nature and circumstances of Defendant's offense.  Accordingly, the Court declines to reduce Defendant's well-supported, within-guideline sentence of 71 months.

**III.    CONCLUSION**

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release.  (ECF No. 460.)

IT IS SO ORDERED.

**Date: October 14, 2024**

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE